# THE ILLINOIS MUTUAL FIRE INSURANCE CO.

### *v.*

## THE ANDES INSURANCE CO.

1. INSURANCE—*extent of liability for loss.*  In the case of an ordinary policy of insurance, and a loss, the sum insured is the extent of the insurer's liability, but not the measure of the claim of the assured. The contract being one of indemnity, he is entitled only to that, and the actual loss sustained by the assured is the measure of indemnity to which he is entitled when it is less than the sum insured.

2. SAME—*liability of reinsurer to company first insuring.*  Where an insurance company, after having taken a risk and reinsured in another company to indemnify itself against loss on its policy, discharges its liability by the payment of a less sum than that reinsured, the sum so paid by it will be taken as the amount of damage sustained, and the measure of indemnity to be recovered of the second company.

3. SAME—*policy of reinsurance construed.*  And where the policy of reinsurance contained this clause: "loss, if any, payable *pro rata*, at the same time and in the same manner as the reinsured company," in case of a loss the reinsurer will only be bound to pay at the same rate the reinsured shall pay; so that, if the reinsured pays only ten cents on the dollar of its insurance, the reinsurer will pay at the same rate on the amount of its policy.

WRIT OF ERROR to the City Court of Alton; the Hon. HENRY S. BAKER, Judge, presiding.

Mr. CHARLES P. WISE, for the plaintiff in error.

Messrs. STUART, EDWARDS & BROWN, and Mr. J. H. YAGER, for the defendant in error.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

The only question here presented for decision is, as to the amount of the recovery.

The original insurer became *liable* to pay to the first assured the sum of $6000 in consequence of the loss of the subject matter of the first insurance; but it *actually paid* only

$600 in full discharge of the liability. The amount of the reinsurance was $2000. Shall the reinsured recover the full $2000, or only $600, or a *pro rata* part of the latter sum ?

So far as we are aware, the contract of insurance, or of reinsurance, against loss by fire, has uniformly been held to be a contract of indemnity not exceeding the sum insured.

In the case of an ordinary policy of insurance, and a loss, the sum insured is the extent of the insurer's liability, not the measure of the assured's claim. The contract being one of indemnity, he is entitled only to that, and the actual loss sustained by the assured is the measure of indemnity to which he is entitled where it is less than the sum insured. So, if the assured has parted with all his interest in the subject insured before the loss happens, he can not recover, for the reason that the contract is regarded as one for an indemnity, and he has sustained no loss or damage.

Although the original insurer here did become liable to pay the sum of $6000, that did not turn out to be the amount of its actual loss. The actual loss and damage which it sustained was $600, the sum which it paid in full discharge of its liability. That sum, given to the reinsured, would make good the loss sustained by reason of the original insurance; whereas, to allow a recovery of $2000, would enable it to realize a gain of $1400 over and above the actual damage it has sustained. It is difficult to see how this can be done consistently with principle, under a contract which, we apprehend, this must be admitted to be, to indemnify the reassured against the loss it might sustain from the risk it had incurred in consequence of its prior insurance.

In *Bainbridge* v. *Nelson*, 10 East, 346, it was said by BAYLEY, J. : "A policy of insurance is only a contract of indemnity, and anything which tends to show that an assured can recover beyond his indemnity, is against the very principle of the contract."

Of like import was the language of Lord MANSFIELD, in *Hamilton* v. *Mendes*, 2 Burr. 1210, in reference to an action

on a policy of insurance, as follows: "The plaintiff's demand is for an *indemnity;* his action, then, must be founded. upon the nature of the *damnification* as it really is at the time the action is brought.   It is repugnant, upon a contract for indemnity, to recover as for a total loss, when the court has decided that the damnification, in truth, is an average, or perhaps no loss at all." "Whatever undoes the damnification in the whole, or in part, must operate upon the indemnity *in the same degree.* It is a contradiction, in terms, to bring an action for *indemnity* where, upon the whole event, *no damage* has been sustained."

The precise point here involved is quite barren of the authority of adjudged cases.   As the contract of reinsurance was virtually prohibited in England more than a century ago—it having been there forbidden except where the insurer shall be insolvent, become bankrupt or die, by the statute (19 Geo. 2, Ch. 37, sec. 4)—that may account for the absence of authority in the English reports upon the point.

What little authority is to be found, it must be confessed, is in support of the view that, where the first insurer becomes insolvent, and, on a compromise with his creditors, pays only a certain percentage of the loss sustained by the insured, the reinsurer is, nevertheless, bound to pay the reinsured the full amount of the reinsurance.   Such was the decision of a French court of admiralty at Marseilles, made in 1748.

In *Howe* v. *Mutual Safety Insurance Co.*, 1 Sandf. R. 137, this subject is quite elaborately considered, and the authorities bearing upon it adduced, and the doctrine laid down by the above French decision is recognized and adopted as the true rule of law which governs the extent of the liability of a reinsurer.

There are treatises on insurance where the same doctrine may be found to be laid down, but so far as they have, for its support, the authority of adjudications, they seem to depend upon the two cases above cited.

In *Eagle Insurance Co.* v. *The Lafayette Insurance Co.* 9 Ind. 443, the case in 1 Sandf. is, with seeming reluctance, barely recognized as authority.

This comprises the sum of the authority of adjudged cases to which we have been referred, or which have been brought to our notice in support of this doctrine of the reinsurer's liability for the full amount reinsured, as contended for by the appellee.

We can understand how the reinsured party, where the amount of his liability has been ascertained, may be admitted to recover to the full extent of the liability so long as the liability to pay continues, although he may not have made payment, or may be insolvent and unable to pay. But where the liability has become actually discharged by the payment of a sum less in amount, it is difficult to perceive, on principle, why the sum paid in discharge of the liability should not be taken as the amount of damage sustained, and as the measure of indemnity to be recovered under a contract which is confessedly one of indemnity.

Notwithstanding, then, the adverse authority that is to be found, we are disposed to hold, on principle, as we regard it, that $600, the sum paid by the reinsured company in discharge of its liability for $6000, was the actual loss it sustained and the extent of the recovery which should be had. And in view of the following special clause in this policy of reinsurance, we are of opinion that the recovery in this case should be reduced even below that sum. The clause is this: "Loss, if any, payable *pro rata*, at the same time and in the same manner as the reinsured company."

The only construction we can well put on this clause and give it practical effect, is this: that the Andes Insurance Company, the reinsurer, was only to pay at the same rate as the Illinois Mutual Fire Insurance Company, the reinsured, should pay; and as the latter company paid only ten cents on the dollar of its insurance, the former company is only liable to

pay at the same rate—that is, ten cents on the dollar of the amount of its reinsurance, which would be $200.

Appellee's counsel suggest that the clause has reference only to cases of *double* insurance. There is no warrant in the language of the clause for giving it such a reference.

The policy of reinsurance is not before us. The case comes before us as a certified question of law, and this clause is the only portion of the policy which is put into the case, so that we have nothing, aside from the language itself, of the clause, to aid in its construction.

We are of opinion the judgment should have been for $200 instead of $2000.

The judgment is reversed and the cause remanded.

*Judgment reversed.*