governing the employés of the department, making a false report, failure to make proper entries in his journal, and neglect of duty. He was a veteran of the war of the Rebellion, and it is claimed that he was not accorded a hearing such as he was entitled to under the laws of the state of New York. The relator in this case was entitled to a hearing upon charges, and upon due notice, and an opportunity to explain. He was given a full hearing. Every right he had under the statute was accorded him, and his guilt respecting some of the charges, namely, his failure to make proper entries in his journal, and his making of a false report, was established by his own books and his own admission. The action of the respondent was right, and the writ should be dismissed, with costs.

---

HOME INS. CO. OF NEW YORK et al. v. CONTINENTAL INS. CO.

(Supreme Court, Appellate Division, First Department. June 7, 1901.)

REINSURANCE—LIABILITY OF INSURER—PRO RATA AGREEMENT.
    Where a policy of reinsurance was for half the amount of the original insurance, and provided that the loss, if any, should be "payable pro rata at the same time and in the same manner" as by the original insurer, and the amount of the original insurance was reduced to less than the amount of the reinsurance policy, the reinsurer was not liable, on a loss occurring, for the full amount of the reduced insurance, but for one-half thereof.

Appeal from judgment on report of referee.

Action by the Home Insurance Company of New York and another against the Continental Insurance Company. From a judgment in favor of plaintiffs, defendant appeals. Reversed.

Argued before HATCH, McLAUGHLIN, O'BRIEN, INGRAHAM, and LAUGHLIN, JJ.

William C. Trull, for appellant.
George Richards, for respondents.

McLAUGHLIN, J. This action was brought upon a policy of reinsurance issued by the appellant, the Continental Insurance Company, to the respondents, the Home Insurance Company of New York and the Phœnix Insurance Company of Hartford. The plaintiffs had a judgment for the amount claimed, from which the defendant has appealed.

The facts, as to which there is no dispute, are as follows:

On the 13th of June, 1895, the plaintiffs issued a joint policy insuring certain property of one Heilner for the term of one year, in the sum of $10,000, against all direct loss or damage by fire; and on the 16th of July following the defendant issued to the plaintiffs a policy for $5,000, reinsuring their risk "against all direct loss or damage by fire, except as hereinafter provided." The policy issued by the defendant contained this clause:

"This policy is subject to the same risks, conditions, valuations, indorsements, and assignments as are or may be assumed or adopted by the Home

Insurance Company of New York and the Phœnix Insurance Company of Hartford, Conn.; and the loss, if any, payable pro rata at the same time and in the same manner as by said companies."

On the 12th of August, 1895, a fire occurred, and some of the property insured was damaged to the extent of $3,000. Intermediate the issuance of the defendant's policy and the fire, at the request of Heilner, and without notice to the defendant, the plaintiffs had reduced Heilner's insurance from $10,000 to $2,000, which was the amount he had upon the property when the fire occurred. On the 8th of October, 1895, the plaintiffs paid to Heilner the sum of $2,000, the loss sustained, together with $14.10, the reasonable and necessary expenses incident to the adjustment of the loss, which sum it requested the defendant to pay. The defendant refused to make such payment, at the same time tendering to the plaintiffs the sum of $1,007.05,—one-half of the amount which they had paid, and which it claimed was the total amount for which it was liable.

The referee held that the defendant, under its policy, was liable, as already indicated, for the full amount paid by the plaintiffs to Heilner. In reaching this conclusion, we are of the opinion that the referee erred. By the terms of the policy of reinsurance the defendant was only liable to pay one-half of the loss sustained by the plaintiffs. Its policy so provides. The language is, "The loss, if any, payable pro rata at the same time and in the same manner as by said companies." This clearly and unmistakably contemplates that the defendant is not bound to pay the full amount reinsured, but only such a proportion of the amount of the loss as is in the ratio of the amount of the reinsurance to the amount originally insured,—a contract of indemnity to this extent, and nothing more. To give the policy of reinsurance the construction put upon it by the learned referee is to make a new contract for the parties, or else to eliminate the words quoted from the one which they made. The legal effect of this clause was to fix the defendant's liability in case of loss to just what the plaintiffs' liability was. This was the purpose of the contract, and this is what the words used accomplished. Blackstone v. Insurance Co., 56 N. Y. 104; Insurance Co. v. Cashow, 41 Md. 59; Illinois Mut. Fire Ins. Co. v. Andes Ins. Co., 67 Ill. 362, 16 Am. Rep. 620; Imperial Fire Ins. Co. v. Home Ins. Co., 15 C. C. A. 609, 68 Fed. 698. Blackstone v. Insurance Co., supra, is directly in point. There the policy of reinsurance provided that "the loss, if any, payable pro rata at the same time with the reinsured." The reinsurance was for half the amount originally insured. A loss occurred which was less than the amount of the original insurance, and it was held that the defendant, by virtue of such clause, was bound to pay only one-half of the actual loss sustained. Judge Johnson, delivering the opinion of the court, referring to the clause of the policy quoted, said:

"By virtue of the first part of this clause the defendant is not bound to pay the full amount reinsured by its policy, but only such a proportion of the amount of the loss as is in the ratio of the amount of the reinsurance to the amount originally insured. Thus, the defendant's reinsurance being for half the amount of the original insurance, the defendant is to pay half the loss."

In Insurance Co. v. Cashow, supra, the plaintiff issued its policy for $10,000, and reinsured its risk to the extent of $5,000. The property insured was destroyed, and a loss sustained to the extent of $9,-000. The plaintiff, as an assignee of the claim against the reinsurer, brought an action upon the policy of reinsurance, which contained a clause similar to the one here under consideration. The court there held (following the decision in Blackstone v. Insurance Co.) that the reinsurer became liable only for that proportion of the loss which the amount of reinsurance bore to the amount of original insurance. In Illinois Mut. Fire Ins. Co. v. Andes Ins. Co., supra, the original policy was for $6,000. The policy of reinsurance issued by the defendant was for $2,000. A fire occurred, and the amount paid was $600. It was there held that, inasmuch as the reinsuring policy was only one-third of the amount of the original policy, under the pro rating clause the reinsurer was only liable to pay one-third of the loss. See, also, Imperial Fire Ins. Co. v. Home Ins. Co., supra, where the Blackstone Case is cited with approval.

In the case at bar the original insurance, as we have already said, was for $10,000. The amount of reinsurance was for $5,000, or one-half of the original insurance. Upon principle, as well as under the authorities cited, it seems to us that the proper construction of the clause in defendant's policy providing that the loss, if any, should be "payable pro rata," made the defendant liable to the plaintiffs for 50 per cent. of the loss which they sustained under their policy, and no more.

The judgment therefore must be reversed, and a new trial ordered before another referee, with costs to the appellant to abide the event. All concur.