INSURANCE CO. OF STATE OF NEW YORK v. ASSOCIATED MANU-
FACTURERS' MUT. FIRE INS. CO. OF NEW YORK.

(Supreme Court, Appellate Division, First Department. March 7, 1902.)

REINSURANCE—SETTLEMENT BY INSURER—OBJECTION BY REINSURER.

Where a policy of reinsurance recites that such reinsurance shall be
subject to the same risks, valuations, and conditions as the original
insurance, and that the loss shall "be settled and paid pro rata with the
reinsured, and at the same time and place, and upon the same condi-
tions," and it is admitted that under a policy of such kind it is customary
for the reinsurer to pay the reinsured its proportion of the adjustment
expenses, on the original insurer's ascertaining by a proper investigation
that it is legally liable to pay a certain amount to the insured under its
contract, and such payment is made, the reinsurer cannot question the
validity of the insurer's act, in the absence of an allegation and proof
that the insurer acted fraudulently or collusively, to its injury.

Appeal from trial term, New York county.

Action by the Insurance Company of the State of New York
against the Associated Manufacturers' Mutual Fire Insurance Com-
pany of New York. From a judgment for plaintiff on a directed
verdict, and an order denying a motion for a new trial, defendant ap-
peals. Affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PAT-
TERSON, O'BRIEN, and LAUGHLIN, JJ.

Archibald C. Shenstone, for appellant.
Frederick R. Coudert, Jr., for respondent.

McLAUGHLIN, J. On the 1st of September, 1897, the plaintiff
entered into a contract by which it insured, to the extent of $60,000,
the Santa Fé & Pacific Railroad Company against loss or damage
by fire for a specified term upon certain property contained in or on
cars, awaiting movement, while in transit, and until unloaded at desti-
nation. Subsequently it applied to and obtained from the defendant
a contract of reinsurance to the extent of $5,000 against a portion of
the risk. The contract of reinsurance provided that it was "subject to
the same risks, valuations, indorsements (except transfers of loca-
tions), and conditions as the original insurance, and loss, if any, to
be settled and paid pro rata with the reinsured, and at the same time
and place, and upon the same conditions." During the term of the
policy, property covered by the original insurance was destroyed by
fire. Notice was given of the loss by the insured to the plaintiff, and
it, in turn, notified the defendant. The plaintiff, through its adjuster,
proceeded to adjust the loss, and after such adjustment a settlement
was made with the railroad company by which the plaintiff paid, in
satisfaction of its liability under its policy, the sum of $32,633.04; and
it thereupon requested the defendant to pay its share of such loss,
in accordance with the terms of the policy of reinsurance. The de-
fendant refused, and thereupon this action was brought to recover
such sum. At the close of the trial the court directed a verdict for
the plaintiff for the amount claimed, and from the judgment thereafter
entered, defendant has appealed.

During the course of the trial, upwards of 100 exceptions were taken, and we are asked to hold that "every exception * * * was well taken." We are unable to see any merit whatever in any of the exceptions. Indeed, none of them are deserving of consideration, except those relating to the evidence as to the adjustment of the loss, and payment of the same by the plaintiff to the railroad company. What is claimed in this respect is that the defendant is not bound by the adjustment made by the plaintiff, but that, in order to entitle the plaintiff to recover against this defendant, it was required to prove every fact which the railroad would have been required to prove, had the plaintiff resisted its claim, and an action been brought to recover under the original policy. We think that a proper construction of the contract of reinsurance fails to sustain this claim. The defendant agreed that the reinsurance should be subject to the same risks, valuations, and conditions as the original insurance, and that the loss should "be settled and paid pro rata with the reinsured, and at the same time and place, and upon the same conditions." Not only this, but it will be observed that the defendant admitted upon the trial that under a policy of this kind it is customary for the reinsurer to pay the reinsured its proportion of the adjustment expenses. In the absence, therefore, of fraud or bad faith on the part of the plaintiff, the defendant, by the terms of its policy, as well as by the construction placed upon it by the admission, is in no position to object to the mode of adjustment as made by the plaintiff. When, therefore, the plaintiff had ascertained by a proper investigation that it was legally liable to pay a certain amount to the railroad company under its contract, and such payment had been made, the defendant could not question the validity of the plaintiff's act, unless it alleged and proved that the plaintiff had acted fraudulently or collusively to its injury. The amount of the loss to be paid by the defendant was to be evidenced by the plaintiff's adjustment and payment. This sum it had agreed to and was obligated to pay, unless, as already said, it proved that the plaintiff, in making such adjustment and payment, had acted fraudulently and collusively with the railroad company. Jackson v. Insurance Co., 99 N. Y. 124, 1 N. E. 539; Insurance Co. v. Cashow, 41 Md. 59. There is nothing to show, either by allegation or proof, that the plaintiff did not act in entire good faith in adjusting the loss and in making the payment which it did, and no reason is suggested why the defendant should not pay to the plaintiff the sum which it agreed to by its contract of reinsurance; and for this reason the trial court properly directed a verdict for the plaintiff.

It follows that the judgment and order appealed from must be affirmed, with costs. All concur.