(89 App. Div. 1.)

## HOME INS. CO. et al. v. CONTINENTAL INS. CO.

(Supreme Court, Appellate Division, First Department.  December 11, 1903.)

**1.** Reinsurance—Policy—Construction — Unambiguous Provisions — Parol
    Evidence.

Where a clause in a policy of reinsurance with reference to payment of
loss was unambiguous, and had been judicially construed, parol evidence
was inadmissible to change such meaning or construction.

Appeal from Order Entered on Report of Referee.

Action by the Home Insurance Company of New York and another
against the Continental Insurance Company.  From a judgment in
favor of defendant on a referee's report, plaintiffs appeal.  Affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN,
O'BRIEN, and LAUGHLIN, JJ.

George Richards, for appellants.
Mr. William C. Trull, for respondent.

McLAUGHLIN, J.  There have been two trials of this action.
On the first the plaintiffs had a judgment for the amount claimed, but
on defendant's appeal the same was reversed, and a new trial ordered.
62 App. Div. 63, 70 N. Y. Supp. 824.  The second trial resulted in a
judgment substantially as contended for by the defendant, from which
the plaintiffs have now appealed.  The facts are substantially the
same as those presented on the former appeal.  They are set out at
length in the opinion then delivered, and it is therefore unnecessary
to restate them.  On the former appeal this court held that by the
terms of the policy of reinsurance the defendant was only liable to
pay one-half of the loss sustained by the plaintiffs; that its policy
so provides; that the words, " 'Loss, if any, payable pro rata at the
same time and in the same manner as by said companies,' clearly and
unmistakably contemplates that the defendant is not bound to pay the
full amount reinsured, but only such a proportion of the amount of
the loss as is in the ratio of the amount of reinsurance to the amount
originally insured"; that the contract of reinsurance was to in-
demnify the plaintiffs to this extent, and nothing more.  On the
first trial testimony was received by the referee as to the legal effect
of this clause when construed according to custom and usage in the
trade, but before the close of the trial the same was stricken out
because the words used were not ambiguous, and custom and usage
could not be received to control the legal effect of them.  On the sec-
ond trial the plaintiffs sought to introduce testimony of a similar
character to establish that a retainer clause must be used in order to
hold the company writing the original insurance to any stated
amount in case of loss; that in the absence of such clause the original
insurer is at liberty to agree to any increase or diminution of its
policy without consulting the reinsurers; that contribution is to be
estimated upon the basis of the amounts of insurance subsisting at
the time of the fire; and that the referee erred in granting the de-
fendant's motion to strike out all of the testimony of this character.
We are of the opinion that this testimony was not admissible, and

that the referee did not err in granting defendant's motion to strike it out. There is nothing in the contract of reinsurance, according to the former decision of this court, which is ambiguous. The words used in it plainly state the rights of the parties. Upon every well-settled rule relating to the construction of written instruments, parol evidence was therefore inadmissible to vary, modify, or change its terms. Mutual Safety Ins. Co. v. Hone, 2 N. Y. 235; Bigelow v. Legg, 102 N. Y. 652, 6 N. E. 107. In addition to this, the words in question had been passed upon, and the legal construction of the policy determined by this court. The rule is too well settled to require the citation of authorities to show that, where the legal effect of words used in a contract has been determined, and the contract itself judicially construed, parol evidence is inadmissible to change such meaning or construction.

It follows, therefore, that under the former decision of this court the judgment appealed from must be affirmed, with costs. All concur.