MASSACHUSETTS BONDING AND INSURANCE COMPANY, Appellant, *v.* FANNIE M. THOMSON, as Executrix, etc., of HENRY M. THOMSON, Deceased, Respondent.

First Department, February 1, 1918.

**Evidence — action to recover premiums on policies of liability insurance — defense — evidence as to parol agreement of plaintiff to furnish insurance without expense inconsistent with subsequent contract between parties and in conflict with provisions of policies — trial — objections.**

In an action to recover premiums on three policies of liability insurance issued by the plaintiff, *held,* that the verdict of the jury upon the issue, supported by parol evidence, as to whether or not the plaintiff agreed to furnish the insurance without expense to the insured was against the weight of the evidence and in direct conflict with the subsequent action of the insured in paying premiums on the policies.

Said alleged parol agreement was inconsistent with a subsequent written contract between the parties, which was intended to embrace all of the obligations of the plaintiff to the insured, incident to the latter taking the assignment of a construction contract which it is claimed on the part of the defendant constituted the consideration for the parol agreement with respect to the liability insurance; and so, a parol collateral agreement resting for its consideration on the written agreement could not be supported thereby.

Moreover, the parol evidence was in conflict with the express provisions of the policies which the insured received and retained, and although that precise objection was not taken to the evidence, it existed and could not have been overcome.

APPEAL by the plaintiff, Massachusetts Bonding and Insurance Company, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 18th day of October, 1916, upon the verdict of a jury, and also from an order entered in said clerk's office on the same day denying plaintiff's motion for a new trial made upon the minutes.

*John R. Halsey* of counsel [*Halsey, Kiernan & O'Keeffe,* attorneys], for the appellant.

*Charles H. Street,* for the respondent.

LAUGHLIN, J.:

This is an action to recover premiums on three policies issued by the plaintiff to the decedent Thomson who died after the trial and pending the appeal.

On the 27th day of May, 1912, the Hicks-Johnson Construction Company entered into a contract with the city of New York for the construction of a sewer in Central avenue in the borough of Queens. The contract contained no provision requiring the contractor to carry liability insurance. The contractor gave a bond to the city in the penalty of $50,000 for the faithful performance of the contract, and the plaintiff and the United States Fidelity and Guaranty Company were sureties on the bond. The contract was assigned to the Arch Engineering Company, Inc., on the 19th day of September, 1912, and plaintiff and the city consented thereto. On the 12th day of November, 1913, the contract was assigned to Thomson with the consent of the plaintiff and with the approval of the city. On the same day a contract in writing was made between Thomson and the two surety companies reciting the making of the original contract for the construction of the sewer, that the surety companies became sureties on the bond of the contractor, the first assignment of the contract, and that Thomson was about to take an assignment thereof and desired the consent of the sureties; and Thomson agreed to complete the contract work to the satisfaction of the city for the money remaining unpaid on the contract and to satisfy all liens and assignments against the contract, and that he would indemnify and save the surety companies harmless from liability as sureties on the original contract; and the surety companies agreed that in the event that the cost of completion should exceed the amount unpaid by the city on the contract they would pay to him the excess not exceeding $5,000, but it was expressly provided that they should in no event be obligated to Thomson for more than $5,000. Two of the policies on which the action is brought were transmitted to Thomson by an insurance broker on the 9th day of December, 1913, with a letter stating that they were dated on the thirtieth of September that year in order to avoid taking an assignment of existing policies issued by plaintiff to the first assignee running until December thirty-

first that year and, in effect, to obtain a more favorable rate for him, and he requested that the deposit premiums be promptly paid. One of these two policies was for insurance against liability to employees and the other for insurance against liability to third persons, and by the terms of the policies a deposit premium of $40 was required on one and of $10 on the other. These deposit premiums were paid by Thomson the latter part of December, 1913, after the delivery of the policies to him. The third policy was issued on the 30th of June, 1914, under the Workmen's Compensation Law.

Over the objections and exceptions duly taken by the plaintiff the court received parol evidence offered by the defendant, in support of a defense pleaded, with respect to a parol agreement claimed to have been made between Thomson and the plaintiff long prior to the said agreement of November 12, 1913, between him and the plaintiff and the other surety company. The objections to this evidence were that it was immaterial and incompetent and constituted an attempt to vary the terms of said agreement of November twelfth. Objection was not specifically taken that it was an attempt to vary the terms of the policies. The court, however, received the evidence subject to a motion to strike it out. A motion was subsequently made to strike out the evidence thus received on the ground that it tended to vary the terms of a written instrument. The court denied the motion on the ground that the contract of November twelfth constituted a limitation of liability of the *two* surety companies to $5,000 and since it did not limit the liability of the plaintiff *alone* to that amount it would not preclude the admission of parol evidence with respect to the agreement for the three policies. The parol evidence received in behalf of the defendant tended to show that while Thomson was negotiating for the assignment of the sewer contract the assistant manager of the plaintiff stated to him that if he took the assignment the plaintiff would expect to carry the liability insurance, and that he replied that he would expect the plaintiff to do so without expense, whereupon plaintiff's assistant manager replied that it would not do that; but that shortly thereafter and before he took the assignment plaintiff's manager agreed that it would furnish the liability insurance without expense

unless there should be sufficient money in the fund over and above the cost of completing the sewer to pay the premiums. There was no surplus to entitle plaintiff to recover on that theory. That testimony was controverted by plaintiff's manager and assistant manager and the issue arising thereon was submitted to the jury. We are of opinion that the verdict of the jury upon that issue is against the weight of the evidence. It is in direct conflict with the subsequent action of Thomson in paying the first premiums on the policies and it is probable that if there had been such an agreement it would have been referred to in the agreement of November twelfth or have been otherwise reduced to writing. It is further improbable in that plaintiff would thereby have incurred liability which might have far exceeded its original liability as a surety on the bond of the original contractor. Thomson testified that he asked to have the parol agreement reduced to writing but that his request was refused on the ground that the agreement might be illegal. If that had been the view of the officers of the plaintiff it would also tend to show the improbability of the making of the agreement; but Thomson's testimony on that subject was also controverted. This alleged parol agreement was certainly in one view inconsistent with the contract of November twelfth, which it is evident was intended to embrace all of the obligations of the plaintiff to Thomson incident to his taking the assignment of the contract for the sewer which it is claimed on the part of the respondent constituted the consideration for the parol agreement with respect to the liability insurance; and if so a parol collateral agreement resting for its consideration on the written agreement could not be supported thereby. (*Eighmie* v. *Taylor*, 98 N. Y. 288; *Studwell* v. *Bush Co., Ltd.*, 126 App. Div. 818.) Moreover, the parol evidence was in conflict with the express provisions of the policies which Thomson received and retained and although that precise objection was not taken to the evidence it existed and could not have been overcome. (*Ripley* v. *Ætna Ins. Co.*, 30 N. Y. 136, 161; *Pindar* v. *Resolute Fire Ins. Co.*, 47 id. 114, 117; *Walton* v. *Agricultural Ins. Co.*, 116 id. 317, 322; *McNierney* v. *Agricultural Ins. Co.*, 48 Hun, 239, 242; *Home Ins. Co.* v. *Continental Ins. Co.*, 89 App. Div. 1; affd., 180 N. Y. 389.)

It follows that the judgment and order should be reversed and a new trial granted, with costs to appellant to abide the event.

CLARKE, P. J., SCOTT, PAGE and SHEARN, JJ., concurred.

Judgment and order reversed, new trial ordered, costs to appellant to abide event.