BENJAMIN KRAUS, Plaintiff, *v.* CHATHAM PHENIX NATIONAL BANK AND TRUST COMPANY, Defendant.

Municipal Court of New York, Borough of Manhattan, Third District, April 26, 1932.

*Henry A. Friedman* and *Marton M. Mandel*, for the plaintiff.

*Kaye, McDavitt & Scholer* [*Milton Kunen* of counsel], for the defendant.

EDER, J.   This is a simple action to recover a balance of deposit in the sum of $668.77, and interest thereon.

The plaintiff was a depositor in the Bank of United States, and on December 10, 1930, had on deposit in the said named institution, subject to withdrawal upon his order, the sum of $2,660. On that day he called upon the defendant and spoke to its assistant manager in charge of opening accounts, one Juchter; he informed him that he was a depositor in the Bank of United States; that he had heard unfavorable rumors regarding its solvency and, therefore, wished to withdraw his money on deposit there and desired to open an account with the defendant and to deposit this money with it.   This was agreeable to the defendant.   The plaintiff thereupon drew his check on the Bank of United States for $2,660, payable to the defendant's order, and told defendant's said officer that he wished to immediately withdraw cash from the said bank, which was located across the street.   Juchter assured him that the drawing of cash from the Bank of United States was unnecessary as the rumors regarding its insolvency were unfounded and plaintiff need not worry, but plaintiff was insistent that the check be immediately presented and cash obtained therefor.   Juchter thereupon stated that he would send the check over to the Bank of United States and obtain the cash therefor.   Plaintiff gave Juchter the check; he thereupon made out a pass book to the plaintiff entering in it a deposit made by the plaintiff in this sum and then delivered it to the plaintiff.

However, Juchter, instead of obtaining cash from the Bank of United States, as he had agreed to do, received and accepted from it, on the very day, its cashier's check, payable to the defendant.

Plaintiff's check, which he had delivered to the defendant and which it presented to the Bank of United States, was marked " paid " on December 10, 1930, when it was surrendered by defendant to said bank and for which it obtained and accepted its cashier's check. As a consequence of that transaction plaintiff could no longer look to the Bank of United States for the amount of said check.

The Bank of United States ceased functioning the following day, and, of course, its cahier's check payable to the order of the defendant was not paid. Defendant thereupon deducted from and charged said cashier's check to the plaintiff's account, but kept the check, and thereafter, in the liquidation proceedings of the Bank of United States, filed a proof of claim in its own behalf as a creditor in the sum of $2,660 on said cashier's check, and all dividends on said claim will be paid to the defendant and not to the plaintiff.

This state of facts appearing, I think it abundantly shown that there was a specific agreement that the check which the plaintiff drew on the Bank of United States was accepted and was to be treated by the defendant as cash; that this check was not received and accepted by the defendant for collection, and that unless some controlling reason appears to the contrary, plaintiff is entitled to recover. (*Stark* v. *Public National Bank*, 123 Misc. 647.)

The defendant urges in defense of plaintiff's claim that the check involved was deposited and accepted as a collection item, and that under the contract of the parties as contained in the pass book and deposit slip, the defendant was authorized to charge plaintiff's account when the Bank of United States failed to honor and pay its cashier's check. Also, that in the monthly statement rendered plaintiff this charge appeared and that as plaintiff thereafter continued to transact business with defendant it constituted a ratification of such action and resulted in an account stated between the parties.

It seems to me that the determination of this controversy centers upon what the actual agreement of the parties was, for if it was as plaintiff asserts it to be, I do not think that any usage or custom in respect thereto, prevailing in the banking business, in matters of this kind, authorizing such action by the defendant, under ordinary circumstances, can override or control a specific agreement, such as was made here. (*Gaita* v. *Windsor Bank*, 251 N. Y. 152; *Green* v. *Wachs*, 254 id. 437, 442; *Heimerdinger* v. *Schnitzler*, 231 App. Div. 649; *Home Insurance Co.* v. *Continental Insurance Co.*, 180 N. Y. 389; *Strauss & Co.* v. *Schulmen*, 192 N. Y. Supp. 722.)

Therefore, the major point for determination is, was there such

a specific agreement as plaintiff claims; was the check of plaintiff treated as cash or was it received as a collection item?

Plaintiff's testimony is, and I find it to be the fact, that there was a specific agreement that his check, drawn on the Bank of United States, as mentioned, was to be treated as cash and was accepted and treated by defendant as such, and that in breach and violation of this express agreement, defendant, instead of obtaining cash thereon from the Bank of United States, obtained and accepted its cashier's check to the order of the defendant and that the defendant obtained and accepted it upon the assumption that the Bank of United States was solvent and that it, therefore, acted as it did. In so acting it did so at its own risk and peril and cannot visit any resulting loss upon the plaintiff.

The defendant did not treat the plaintiff's check, drawn on the Bank of United States to its order, as a collection item, and I find it to be the fact that it did not do so. The very purpose to immediately presenting it to said bank was not to obtain another check, but to obtain cash in accordance with the specific agreement made; otherwise it was an absurd proceeding to obtain a check for a check, at least as far as plaintiff was concerned; and it only goes to substantiate the plaintiff's claim that he wanted cash obtained and not another check. Believing the truth of the rumors that the Bank of United States was insolvent he was naturally interested in obtaining cash, for if the bank was in this condition, as he believed (and, incidentally, correctly so), he had no more assurance of payment merely because a cashier's check would be obtained than upon the issuance of his own check. The whole thing is so apparent that there is room for grave doubt as to the integrity of the defense in all its forms.

In support of the finding there is, first, the testimony of the plaintiff, and, further, if the check was accepted and was to be treated as a collection item and not as cash, it would have been presented for payment and paid in the usual way, through the Clearing House, and a cashier's check would not have been received; certain it is that the plaintiff's check would not have been presented for payment over the counter, as is done when cash is desired; nor would there have been such haste in its presentation for payment unless, as plaintiff stated, he felt that the Bank of United States was on the verge of disaster and about to collapse, and hence was decidedly anxious to withdraw his money in it before the debacle occurred; hence his insistence that cash be obtained. Items received " for collection " are not treated and paid in that way. It shocks the intelligence to accept this claim of the defendant that

this check was, under the circumstances shown, merely accepted " for collection " and not as cash.

Here, in receiving the plaintiff's check, defendant accepted it as cash, exercising over it unrestricted dominion; it acted with respect thereto, not as a collecting agent, but as owner, vested with and accepting title thereto, a fact also evidenced by the proof of claim which it filed in the liquidation proceedings of the Bank of United States.

The provision in the pass book and deposit slip as to items deposited for collection has no bearing here, since the plaintiff's check was not accepted and treated as an item for collection, but as " cash."

So again it is evident that in the first and final analysis the case turns upon and the determination thereof " depends on what was said when the check was deposited with the defendant by the plaintiff." (*Lyons* v. *Union Exchange National Bank*, 150 App. Div. 493.)

Now with respect to the defendant's claim that there was a ratification in that in the monthly statement rendered plaintiff this charge appeared and that plaintiff thereafter continued to transact business with the defendant, and that it thus resulted in an account stated, there is no merit to this claim, for it appears that when this first appeared plaintiff promptly protested and was informed by defendant that this was due to error and that the mistake would be corrected.

Plaintiff's and defendant's evidence is conflicting, but I am fully convinced that the plaintiff's version as to all that transpired is the true one and all of the disputed issues are resolved in his favor.

I perceive no other course upon the evidence and under the law but to award plaintiff the recovery he seeks, viz., judgment for $668.77, with interest, as demanded in the complaint. Judgment accordingly.