HOUSTON, Justice.
This is an appeal from a summary judgment granted in favor of a class of certified employees of the Macon County Board of Education represented by Lindsey Ray and William Brassfield. Rosie O’Neal and Cle-ta J. Martin represent a class of noncerti-fied employees of that Board.[1] We affirm.
Interpretation of Act 83-575, Alabama Acts 1983 (providing for the establishment of a parimutuel racing facility in Macon County) is at issue in this case. It provides for funds generated from the racing facility to be distributed to certain agencies in Macon County, including the Board and its employees. The portion of that Act at issue here is § 15, which reads in part as follows:
“a. The first 51 percent of such net proceeds shall be distributed to the Macon County Board of Education as follows:
“(1) Fifty-one percent of said 51 percent shall go the [sic] the general fund of the Macon County Board of Education to be used as they shall see fit.
“(2) The remaining forty-nine percent of said 51 percent shall be used exclusively for a pro-rata basis salary subsidy for all employees of the County Board of Education including specifically teachers, administrative and support personnel which includes bus drivers, lunchroom workers, janitors and any other support personnel.” (Emphasis added.)
The issues presented for review in this case are (1) whether the trial court erred in finding that § 15(a)(2) is unambiguous as it relates to the disbursement of the subsidy and (2) whether the trial court erred in granting a summary judgment.
Justice Merrill, writing for this Court in Alabama Industrial Bank v. State ex rel. Avinger, 286 Ala. 59, 62, 237 So.2d 108, 110-11 (1970), set out the principles applicable to statutory construction:
“In determining the meaning of an act, the paramount purpose is to ascertain the legislative intent. State v. Seals Piano Co., 209 Ala. 93, 95 So. 451.
“The court looks for the legislative intent in the language of the act; that language may be explained; it cannot be detracted from or added to. The office of interpretation is not to improve the statute; it is to expound it; and the court knows nothing of the intention of an act, except from the words in which it is expressed, applied to the facts existing at the time. May v. Head, 210 Ala. 112, 96 So. 869. Rodgers v. Meredith, 274 Ala. 179, 146 So.2d 308.
“All particular rules for construing statutes must be regarded as subservient to [the] end of determining legislative intent.
“The intention of the legislature must primarily be determined from the language of the statute itself if it is unambiguous.
“To justify a departure from the language of the statute, there must be a moral conviction that its practical effect under existing law, the spirit of the whole statute and its legislative history, as well as the purpose to be accomplished, duly disclose the Legislature could not have intended such result under a rational, sensible construction.
“The general rule is that where the language of a statute is unambiguous, the clearly expressed intent must be given effect, and there is no room for construction.
“Courts can only learn what [the] legislature intended by what it has said, and have no right to stray into mazes of conjecture or search for an imaginary purpose, in construing [a] statute. Dixie Coaches v. Ramsden, 238 Ala. 285, 190 *403 So. 92; State v. Thames, Jackson, Harris Co., 259 Ala. 471, 66 So.2d 733.
“When the language is plain, it should be considered to mean exactly what it says. Ex parte Bozeman, 183 Ala. 91, 63 So. 201; Kimbrell v. State, 272 Ala. 419, 132 So.2d 132.”
The noncertified employees contend that § 15(a)(2), supra, is ambiguous and insist that the words “pro-rata basis salary subsidy” must be construed so as to require disbursement of the proceeds on an equal or “per capita” basis. The certified employees contend, and the trial court agreed, that these words are not ambiguous and literally require disbursement of the proceeds on a percentage or “pro rata” basis commensurate with a particular employee’s salary.
Is the term “pro-rata basis salary subsidy” ambiguous? The American Heritage Dictionary of the English Language (1st ed. 1969) defines “pro rata” as “In proportion.” Black’s Law Dictionary (5th ed. 1979) at page 1098, defines “pro rata” as follows: “Proportionately; according to a certain rate, percentage, or proportion.” Ballentine’s Law Dictionary (3rd ed. 1969), at page 1012, defines “pro rata” as “In proportion; proportionately according to the share, interest, or liability of each person concerned. Home Insurance Co. v. Continental Insurance Co., 180 N.Y. 389, 73 N.E. 65; in proportion to some rate or standard, fixed in the mind of the person speaking or writing, manifested by the words spoken or written, according to which rate or standard the allowance is to be made or calculated. Rosenberg v. Frank, 58 Cal. 387, 406.” In VIII Oxford English Dictionary (Reprinted 1961) at 1399, “pro rata” is defined as “in proportion to the value or extent (of his interest), proportionally.”
“[P]ro-rata basis salary subsidy” can only mean a subsidy in proportion to the salary being received. In other words, a salary subsidy calculated on a pro rata basis. This language in the statute is unambiguous, and the clearly expressed content must be given effect. Alabama Industrial Bank v. State ex rel. Avinger, supra. In his order granting summary judgment, Judge P. Dale Segrest stated this as well as it can be stated:
“The words ‘pro rata basis salary subsidy to be paid to the employee’ means that each employee is to receive a salary subsidy apportioned according to his or her salary. That different statement of the very words ‘pro rata salary subsidy’ was not needed in order to give meaning to those words. Those words are not susceptible of any other meaning whatsoever. And the Court is bound by law to give meaning to the words ‘pro rata.’ ... ‘Per capita’ has just the opposite meaning as ‘pro rata.’ ... It is not a situation as in Alice in Wonderland[2] where the words mean what we say that they should mean. It’s a question of what the words say. And they mean what they say.”
A summary judgment is proper when there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. Rule 56(c), Ala. R.Civ.P. The noncertified employees insist that there were genuine issues of material fact before the trial court, thus making a summary judgment improper. However, our review of the record reveals that there was but one dispositive issue before the trial court, namely, the ambiguity vel non of § 15(a)(2) supra. That issue was purely *404 one of law and thus properly reserved for resolution by that court.
The judgment of the trial court is affirmed.
AFFIRMED.
TORBERT, C.J., and FAULKNER, AL-MON and BEATTY, JJ., concur.

. The Macon County Board of Education initiated this action by filing a complaint for declaratory relief against O'Neal, Martin, Ray, and Brassfield, seeking construction of the statute as hereinafter discussed. The trial court certified the action as a class action containing two subclasses (i.e., the certified employees and the noncertified employees of the Board). In granting the certified employees’ motion for summary judgment, the trial court granted the declaratory relief sought by the Board.

. The proem to Harper Lee’s "To Kill a Mockingbird” is “Lawyers, I suppose, were children once.” Since it has been longer since some have been than others, it is appropriate to mention that the trial court’s reference is to L. Carroll, Through the Looking Glass and What Alice Found There:
“ ‘But glory doesn’t mean a nice knock-down argument,’ Alice objected.
" ‘When I use a word,’ Humpty Dumpty said, in rather a scornful tone, ‘it means just what I choose it to mean — neither more nor less.’
"‘The question is,’ said Alice, 'whether you can make words mean so many, different things.'
“'The question is,’ said Humpty Dumpty, ‘which is to be master — that’s all.’ ” Ibid. Chap. 6