(95 South. 52)

## STATE v. TUSCALOOSA COTTON SEED OIL CO. (6 Div. 786.)

(Supreme Court of Alabama. Jan. 4, 1923.)

**1. Taxation ⚫204(2) — Exemption strictly construed.**

Exemptions from taxation must be strictly construed in favor of the taxing power.

**2. Taxation ⚫222—Exemption of agricultural products in hands of purchaser does not apply to raw material for manufacture.**

The provision of Revenue Act 1919, § 2, subd. (g), exempting from taxation agricultural products which remain in the hands of the purchaser purchasing the same for prompt shipment, does not exempt such products while they were in the hands of a manufacturer, though they were intended to be and subsequently were, promptly manufactured and the finished product sold, but applies to dealers and brokers who acquired them for exchange or resale.

**3. Taxation ⚫237 — Exemption of manufactured articles does not exempt raw materials to be used in manufacture.**

The exemption from taxation, by Revenue Act 1919, § 2, subd. (i), of manufactured articles in the hands of the manufacturer, does not apply to raw materials in the hands of the manufacturer intended to be promptly manufactured into the finished product.

**4. Taxation ⚫237—Linting of cotton seed and shucking of corn do not transform them into manufactured products.**

The linting of cotton seed and the shucking and shelling of corn, preparatory to their manufacture into cotton seed oil and feed, do not transform those articles into manufactured products so as to exempt them from taxation under Revenue Act 1919, § 2, subd. (i).

Appeal from Circuit Court, Tuscaloosa County; Henry B. Foster, Judge.

Proceeding by the State of Alabama to tax property of the Tuscaloosa Cotton Seed Oil Company. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

The property sought to be taxed by the state, for the year beginning October 1, 1920, and claimed by the defendant to be exempt, is—

| | | |
|---|---|---|
| 114 tons of cotton seed, valued at | ........... | $ 4,560 00 |
| 303,260 pounds of corn, valued at | ............ | 6,065 00 |
| 138,320 pounds of oats, valued at | ............. | 2,766 40 |
| 289 tons of alfalfa valued at | ................. | 14,450 00 |

The judgment entry in the trial court reads, in part, as follows:

"Proof showed that all of said articles, cotton seed, corn, oats, and alfalfa, were grown during the year 1920, and purchased by the defendant during that year, and were in the hands of the defendant on the 1st day of October, 1920. Proof further showed that defendant bought none of said articles for its own consumption, or to hold, or for speculative purposes, but, being a manufacturer of cotton seed oil and of feed, bought the cotton seed to manufacture into cotton seed oil, meal and hulls, and the corn, oats, and alfalfa for grinding and mixing into feed. Proof showed further that the plaintiff probably had orders already on hand for the products of all of said articles, and that on the prompt manufacture of the oil, meal and hulls, and feed, the same was shipped promptly out on said order, or, if it did not have prior orders for all of said products, in its course of dealing it received orders for all of it, and that the whole was shipped out promptly and without much delay.

"It was contended for the state that the exemption of agricultural products inure only to the growers of them, or to a broker who ships them out in the same form in which they are bought from the grower. On the contrary, it was contended' by the defendant that the exemption inures also to a manufacturer who purchases them for prompt manufacture and shipment in the manufactured form. And it contends further that, if this were not the case, very few agricultural products would take exemption for the benefit of the grower, as most of the agricultural products, except lint cotton, are bought from the grower, by the manufacturer, and, if they are not exempt in the hands of the manufacturer, the grower would get no benefit of the exemption, as the manufacturer would naturally take into consideration taxes which should be paid in fixing the price he gives to the grower.

"After duly considering the evidence and argument of counsel, the court is of the opinion that under the law the said articles of cotton seed, corn, oats, and alfalfa were exempt from taxation in the hands of the defendant on the 1st day of October, 1920, as agricultural products grown during that year and purchased by the defendant during that year."

The Revenue Act of 1919 (Acts p. 282 et seq.) provides:

"Sec. 2. The following property and persons shall be exempt from ad valorem taxation:

* * * (g) All cotton or other agricultural products which were raised or grown during the current or preceding calendar year, and which shall remain in the hands of the producer thereof, or his landlord, or in the hands of the purchaser purchasing the same for prompt shipment; * * * (i) All manufactured articles, including pig iron, in the hands of the producer or manufacturer thereof, and at the place of production or manufacture, shall be exempt from taxation for twelve months after its production or manufacture."

Harwell G. Davis, Atty. Gen., for the State.

Exemptions from taxation must be strictly construed. Cooley on Taxation (3d Ed.) 357. Counsel insist that the construction given subdivision (g) of section 2 by the trial court is erroneous.

Foster, Verner & Rice, of Tuscaloosa, for appellee.

Counsel argue that the property was exempt, as being agricultural products grown during the year 1920 and bought by appellee during that year for prompt shipment, and that the statute does not confine the exemption to mere brokers, who sell the articles in the form in which they were purchased. The further insistence is made that cotton seed, after ginning, is a manufactured product, and exempt on this additional ground. 96 Ala. 295, 11 South. 381, 38 Am. St. Rep. 94; 91 Ala. 555, 8 South. 803; 188 Ky. 570, 222 S. W. 958, 10 A. L. R. 1269.

ANDERSON, C. J. [1, 2] It is a general rule that exemptions from taxation must be strictly construed in favor of the taxing power. Cooley on Taxation (3d Ed.) p. 357. The articles in question were not acquired for prompt shipment, that is, by the appellees as a dealer or broker for immediate resale and shipment, but for the purpose of being manufactured into a compound or mixed commodity of merchandise, but had not been manufactured and were held for the purpose of being converted into manufactured articles. Subdivision (g) of section 2 of the Revenue Act of 1919, p. 283, exempts the articles there mentioned while in the hands of the producer or his landlord or of "purchaser purchasing the same for prompt shipment." This quoted provision applies to dealers and brokers who acquire the articles for exchange or resale and prompt shipment, and not to this appellee, who acquired the same for manufacturing purposes, notwithstanding it contemplated early sales and shipment of the compound into which they were to be manufactured.

[3] Subdivision (i) exempts only manufactured articles for a certain period, not articles to be used for manufacturing purposes.

[4] Nor do we think that the linting of the seed constituted the lint and seed manufactured articles within the meaning of the statute. This was but a more complete meth-

od of ginning or separating the seed from the lint, and it could not be said that ginning cotton or shucking and shelling corn converted the same into what is generally understood as manufactured articles. We therefore hold that all the articles in question were not exempt, and the trial court erred in holding that they were not subject to taxation, except, of course, the lint or other property belonging to the government or not owned by the appellee, and as to which the brief of counsel for the state does not insist upon a taxation.

The judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

McCLELLAN, SOMERVILLE, and THOMAS, JJ., concur.