66 So.2d 733

### STATE v. THAMES, JACKSON, HARRIS CO. et al.

1 Div. 534.

Supreme Court of Alabama.

June 18, 1953.

Rehearing Denied Aug. 11, 1953.

Si Garrett, Atty. Gen., and H. Grady Tiller and Wm. H. Burton, Asst. Attys. Gen., for appellant.

472

Vickers & Thornton, Mobile, for appellees.

MERRILL, Justice.

The State of Alabama filed suit against Thames, Jackson, Harris Company, a partnership and against the partners individually for license alleged to be due under Title 51, § 495 (3), Code 1940. Verdict of the jury was for defendants and plaintiff appeals.

Section 495 (3), supra, is as follows:

"Each person lending money on mortgages secured by real estate in this state shall pay an annual license based on the amount of such loans made during any taxable year, as follows: Where the aggregate amount of such loans exceeds ten thousand dollars but does not exceed twenty-five thousand dollars: thirty dollars. Where the aggregate amount of such loans exceeds twenty-five thousand dollars but does not exceed fifty thousand dollars: fifty dollars. Where the aggregate amount of such loans exceeds fifty thousand dollars but does not exceed one hundred thousand dollars: seventy-five dollars. Where the aggregate amount of such loans exceeds one hundred thousand dollars: one hundred and fifty dollars. This section shall apply to all such persons whether organized under the laws of this state or any other state or territory or county, the payment of the license in one county of the state as evidenced by the license certificate of the judge of probate shall be sufficient; provided, however, that if an office is maintained in more than one county, the license shall be one-half of the above license payable in each additional county where an office is maintained. Provided that corporations or institutions organized under the act of congress, known as the home owners loan act of 1933, as amended or as hereafter amended, and corporations or institutions organized by an act of congress known as the federal farm loan act, approved July 17, 1916, and amendment thereto, and building and loan associations chartered under the laws of Alabama, and insurance companies and their agents which are otherwise taxed under the laws of this state, shall not be required to pay a license under this section. Provided further that nothing in this section shall be construed as levying a license on charitable, religious, educational or fraternal organizations or institutions, nor to banking institutions organized as such under the laws of this state or national banks. No individual person who is a bona fide resident of this state and no guardian, trustee, executor, administrator or other person in a representative capacity not professionally engaged in the business of loaning money, who shall lend his money or that of his ward, beneficiary, cestui que trust or principal secured by mortgage on real property, shall be liable for any license under this section."

The pertinent part of that section relating to the exemption here claimed is as follows: "Provided that * * * insurance companies and their agents which are otherwise taxed under the laws of this state, shall not be required to pay a license under this section".

We are urged to hold that those words mean, "provided that * * * insurance companies and their agents, when lending money belonging to the insurance companies exclusively, which are otherwise taxed under the laws of this state, shall not be required to pay a license under this section".

On the trial defendants' plea 3 provided in pertinent part as follows: "The defendants and each of them are agents for insurance companies which are otherwise taxed under the laws of this state, and, therefore, under the provisions of said section 495 (3), defendants shall not be required to pay the license for which this suit was brought".

Many rules of construction of taxation statutes have been considered. In Thompson v. State, 20 Ala. 54, it is said:

"An interpretation should never be adopted which would defeat the purpose of the statute, if any other reasonable construction may be given to it, The Emily, 9 Wheat 381, 6 L.Ed. 116; and that the literal interpretation of an act is not always that which either reason or the law approves. The inartificial manner in which many of our statutes are framed, the inaptness of expressions frequently used, and the want of perspicuity and precision not unfrequently met with, often require the court to look less at the letter or words of the statute, than at the context, the subject-matter, the consequences and effects, and the reason and spirit of the law, in endeavoring to arrive at the will of the law giver."

In State v. Seals Piano Co., 209 Ala. 93, 95 So. 451, 452, the Court said:

"The paramount purpose is to ascertain the legislative intent and to that end certain elementary rules of construction are to be consulted: A taxing statute is to be strictly construed against the taxing power; but the statute must be construed as a whole, and every section and part should, if it be practicable and reasonable so to do, be upheld and given appropriate operation; the plain language and intent of the statute must be given effect."

And in Dixie Coaches v. Ramsden, 238 Ala. 285, 190 So. 92, 94, the rules are:

"All 'particular rules for construing statutes must be regarded as subservient to end of determining legislative intent.' * * *

"The intention of the Legislature must primarily be determined from the language of the statute itself if it is unambiguous. * * *

"To justify a departure from the language of the statute, there must be a moral conviction that its practical effect under existing law, the spirit of the whole statute and its legislative history, as well as the purpose to be accomplished, duly disclose the Legislature could not have intended such result under a rational, sensible construction. * * *

"The general rule is that where the language of a statute is unambiguous, the clearly expressed intent must be given effect, and there is no room for construction. * * *

"In Holt v. Long, 234 Ala. 369, 174 So. 759, a rule of taxing statutes and exemptions thereto is thus stated: 'Courts can only learn what Legislature intended by what it has said, and have no right to stray into mazes of conjecture or search for an imaginary purpose, in construing statute.' Such was the rule recognized and applied in John C. Curry, as Com'r. of Revenue v. Feld, 238 Ala. 255, 190 So. 88".

Curry v. Reeves, 240 Ala. 14, 195 So. 428, 430, holds:

"In considering the exemption feature of the statute we should bear in mind the universally recognized rule that taxation is the rule and exemption the exception and that the legislative intent to release property from its just proportion of the public burden 'ought to be expressed in clear and unambiguous terms; it ought not to be deduced from language of doubtful import.'"

And in State v. Wertheimer Bag Co., 253 Ala. 124, 43 So.2d 824, 826, the Court said:

"It is true, as argued by the able assistant Attorney General, that exemption provisions in a taxing statute are to be strictly construed in favor of the taxing power. State v. Tuscaloosa Cotton Seed Oil Company, 208 Ala. 610, 95 So. 52.

"But, the court will indulge no strained construction to give effect to this rule where a fair interpretation of the legislative intent may lead to a contrary conclusion. Arbitrary rules of construction are of little value when the real intention can be gathered from the act itself."

It appears to us that the exemption "to insurance companies and their agents which are otherwise taxed under the laws of this

474

state" means what it says and requires no strained construction or the application of any arbitrary rule of construction.

The undisputed evidence in this case shows that the defendants (appellees) were agents of insurance companies and that as such agents they are otherwise taxed under the laws of this State. There is no question but that defendants loaned in excess of $100,000.00 per year of their own money on mortgages secured by real estate, that this operation was around twenty per cent of their total business, and that they also loaned money belonging to insurance companies. But it appears that the language of the statute is clear and unambiguous and does not lend itself to any fair and reasonable construction except that which we have placed upon it.

This plea of exemption was among those upon which the case went to the jury and the verdict was for the defendants.

In view of the above, we do not feel called upon to answer the other questions presented in briefs of counsel.

The judgment of the circuit court is affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON and STAKELY, JJ., concur.