237 So.2d 108

**ALABAMA INDUSTRIAL BANK,**
a Corporation

v.

**STATE of Alabama ex rel. C. E. AVINGER,**
as Superintendent of Banks, etc.

6 Div. 698.

Supreme Court of Alabama.

June 18, 1970.

Alfred M. Naff and Deramus & Johnston, Birmingham, for appellant.

MERRILL, Justice.

This appeal is from a decree enjoining appellant from the use of the word "Bank" in its name anywhere in Alabama except at Florence, and involves the construction of a 1949 statute.

No testimony was taken. The cause was submitted on the petition, pleadings, stipulation and briefs. The stipulated facts show that appellant was incorporated in Lauderdale County in July, 1926, under the name of Florence Industrial Bank, and its name was changed to Alabama Industrial Bank in December, 1928. It has been continuously in business and since December, 1928, has done business under the name, Alabama Industrial Bank. It has continuously operated an office in Florence and does at the present time, and also operates offices in the cities of Tuscaloosa, Birmingham, Huntsville, Bessemer, Fort Payne and Scottsboro, under the same name. The offices, with exception of the office in Florence, were opened on or about January, 1968. Appellant's certificate of incorporation provides that appellant may operate and engage in business at various points in Alabama under whatever business or trade name it may desire to assume.

Appellant is not a bank within the meaning of Tit. 5, § 1, Code 1940. The statute involved is Act No. 230, General and Local Acts of Alabama 1949, p. 333, was approved July 12, 1949, and made effective six months from that date. It is listed in the 1958 Recompilation as Tit. 5, § 1(1).

Act No. 230 was originally introduced as Senate Bill 143, and when it was taken up on third reading, an amendment was added to Section 1 of the bill. Senate Journal, 1949, Vol. I, pp. 381–382. The bill, as amended, was passed and approved. We have emphasized the words of the amendment because their interpretation is controlling in this case. Section 1 of Act No. 230 reads:

"The use of the word 'Bank', 'Banker' or 'Banking', or words of similar meaning in any foreign language, as a designation or name, or as part of a designation or name, under which business is or may be conducted in the state of Alabama, is restricted to banks as defined in section 1 of Title 5. All other persons, firms, or corporations are prohibited from using the word 'bank', 'banker', or 'banking' or words of similar meaning in any foreign language, as a designation or name or as part of a designation or name, under which business may be conducted in this state. Any violation of this prohibition, after the day when this Act becomes effective, shall subject the party chargeable therewith, to a penalty of $100.00 for each day during which it is committed, or repeated. Such penalty may be recovered by the superintendent of banks by an action instituted for that purpose, and in addition to said penalty, such violation may be enjoined and the injunction enforced as in other cases. This section shall not be applicable to corporations organized under the laws of the United States, *nor to any residents of this state regularly engaged in busi-*

*ness in this state as individuals, partnerships, or unincorporated associations, using such words in their trade or firm name prior to the effective date of this act, nor to corporations incorporated under the laws of this state, with such word or words in their corporate name and engaged in business prior to the effective date of this act."*

On January 17, 1969, the trial court entered a decree, the pertinent part of which is as follows:

"IT IS THEREFORE, THE ORDER, JUDGMENT AND DECREE OF THE COURT that the Complainant be, and it is hereby entitled to the relief prayed for, and that the Respondent, Alabama Industrial Bank, a corporation, be and it is hereby permanently enjoined from using the word 'Bank' as a designation or as a part of its name under which its business is conducted in the several counties of the State of Alabama, except in Florence, Lauderdale County, Alabama, and it may continue to use the present name of Alabama Industrial Bank in that said city; that by the use of the word 'Bank' in its name in the cities and counties of the State of Alabama, other than Florence, Alabama, is violative of said Act No. 230, General and Local Acts of Alabama 1949. (Title 5, § 1(1), Code of Alabama 1940, Recompiled 1958)."

Some legal principles applicable to the interpretation and construction of this statute follow.

In determining the meaning of an act, the paramount purpose is to ascertain the legislative intent. State v. Seals Piano Co., 209 Ala. 93, 95 So. 451.

■ The court looks for the legislative intent in the language of the act; that language may be explained; it cannot be detracted from or added to. The office of interpretation is not to improve the statute; it is to expound it; and the court knows nothing of the intention of an act,

except from the words in which it is expressed, applied to the facts existing at the time. May v. Head, 210 Ala. 112, 96 So. 869. Rodgers v. Meridith, 274 Ala. 179, 146 So.2d 308.

■ All particular rules for construing statutes must be regarded as subservient to end of determining legislative intent.

■ The intention of the Legislature must primarily be determined from the language of the statute itself if it is unambiguous.

■ To justify a departure from the language of the statute, there must be a moral conviction that its practical effect under existing law, the spirit of the whole statute and its legislative history, as well as the purpose to be accomplished, duly disclose the Legislature could not have intended such result under a rational, sensible construction.

■ The general rule is that where the language of a statute is unambiguous, the clearly expressed intent must be given effect, and there is no room for construction.

■ Courts can only learn what Legislature intended by what it has said, and have no right to stray into mazes of conjecture or search for an imaginary purpose, in construing statute. Dixie Coaches v. Ramsden, 238 Ala. 285, 190 So. 92; State v. Thames, Jackson, Harris Co., 259 Ala. 471, 66 So.2d 733.

■ When the language is plain, it should be considered to mean exactly what it says. Ex parte Bozeman, 183 Ala. 91, 63 So. 201; Kimbrell v. State, 272 Ala. 419, 132 So.2d 132.

We agree with appellee and the trial court that the intention of the Legislature, as shown by the bill as originally introduced, was to restrict the use of the word "Bank" (in this case) as a name or part of a name to any business in Alabama not subject to statutes relating to banks. But

that intention was changed when the amendment was added. As pertinent to this case, the amendment stated that: "This Section shall not be applicable * * * to corporations incorporated under the laws of this State, with such word or words in their corporate name and engaged in business prior to the effective date of this Act."

There is nothing ambiguous in those words and the only matter not self-explanatory is "the effective date of this Act," and those words are explained in Section 2 of the Act which makes it effective six months from the date of its approval.

■ Appellant was and is such a corporation; it was using the word "Bank" in its name long before the passage of the Act and was plainly within the clear meaning of the amendment. And Section 2 of the Act clearly gave three options—one, the right to continue the use of the word in the name; two, the right to eliminate the use of the word in the name, or three, the right to *add* the word to its name within the six months period before the effective date of the Act and continue to use the word afterward under the exemption.

In 1877, this court stated a principle which we still follow. We can only learn what the Legislature intended from what they have said. When their language is plain, no discretion is left to us. We have no right to stray into the mazes of conjecture, or to search for an imaginary purpose. When language is plain, there is no room for construction. Lehman, Durr & Co. v. Robinson, 59 Ala. 219.

Title 5, § 190, Code 1940, deals with the word "trust." That section originally came into our law with the adoption of the 1907 Code. Section 3530, Code 1907, provided in part that "all corporations now using the word 'trust' in contravention of the foregoing provisions shall have six months from the adoption of this Code to comply with its provisions." There, the corporations using "trust" in their names and not operating as "a trust company or as a bank"

had, to stay within the law, only one option —remove the word "trust" within six months after the adoption of the Code of 1907.

Here, the Legislature was far more lenient as already shown. Whether actually intended or not, the lawmakers exempted from the law those businesses which were using the word "Bank" in their name within six months after the approval of the Act.

The amendment seriously modified the Act as originally drawn. The Legislature may not have considered the full effect of the exemptions included in the amendment, but the words are clear, unambiguous and include appellant as it does business in Alabama.

The remedy to the situation here is in the Legislature, not the courts.

The decree of the trial court is reversed and one is here rendered denying the relief sought and dismissing the bill.

Reversed and rendered.

LIVINGSTON, C. J., and LAWSON, HARWOOD and McCALL, JJ., concur.