This proceeding, here for the second time, first originated on March 31, 1972, in the Circuit Court of Mobile County, when the appellants, an oil gathering system, filed a bill of complaint against appellee Charles A. Boswell, as Commissioner of Revenue of the State of Alabama, seeking a declaratory judgment that certain funds held by them and claimed by the Commissioner were not subject to the provisions of Act No. 63, Acts of Alabama 1971, Vol. I, p. 101, approved April 27, 1971, and listed in the 1958 Recompilation as Tit. 47, §§ 314-342, and commonly referred to as the Uniform Disposition of Unclaimed Property Act.
The funds generally represent money held for "unknown owners" of oil in the Citronelle field, to which title to the mineral interest had not been established. Previously, in Boswell v.Citronelle-Mobile Gathering, Inc., 292 Ala. 344, 294 So.2d 428
(1974), this Court held:
 ". . . [T]hat funds which have been in the hands of the appellees (Citronelle-Mobile Gathering, Inc.) for seven years or longer and are payable or distributable to unknown owners are, as a matter of law, subject to the provisions of our Uniform Disposition of Unclaimed Property Act. The Chancellor erred in decreeing otherwise, and in enjoining the Commissioner of Revenue of the State of Alabama from enforcing the provisions of said Act. In this aspect, this decree is reversed and remanded to the lower court for proceedings consonant with this opinion." 292 Ala. at 350, 294 So.2d at 433.
Shortly thereafter, this cause was returned to the circuit court where the Commissioner filed a motion moving the trial court to enter an order declaring that the funds held by appellants were due and payable to the State of Alabama. The trial judge entered an order requiring appellants to make certain reports and to deliver the money in question to the Commissioner. Subsequently, the trial court withdrew its order. Appellants then filed a motion for leave to file an amended complaint, alleging that some of the original money had been distributed. The trial court denied the motion, and set the cause for hearing solely for the computation of the mathematical amounts. Appellants later sought leave to add a second amendment, claiming that this Court, in Boswell v. SouthCentral Bell Tel. Co., 293 Ala. 189, 301 So.2d 65 (1974), held that claims for funds which were payable more than six years prior to the passage of the Uniform Disposition of Unclaimed Property Act were barred from enforcement by the six year statute of limitations and that the telephone company case was applicable to the funds it held. Appellants petitioned this Court for mandamus to require the trial court to allow it to file amendments. This Court ultimately granted the petition and required the trial court to permit the amendments.
Appellants filed their amendments and this case was again heard by the trial court, and on December 12, 1975, the trial court entered its final decree, which reads, in relevant part:
 "1. `Suspense Account' debts which were owed for oil which was delivered to the Complainants and for which payment would have been made prior to April 27, 1965, if the title to the mineral interests to which said oil was attributable had *Page 935 
been established, and if the owner had been known, are hereby declared to be subject to the six year statute of limitations, and not subject to the Uniform Disposition of Unclaimed Property Law.
 "2. `Suspense Account' debts which would have been paid or distributed more than 7 years ago to an owner if the title to the mineral interests to which they were attributable had then been established, and if the owner had then been known, and which are not barred by the statute of limitations by reason of having been payable prior to April 27, 1965, are hereby declared to be subject to the Uniform Disposition of Unclaimed Property Law, irregardless (sic) of whether or not the Complainants have been in communication with claimants to such mineral interests or whatever action has been taken by Complainants short of actually paying to the rightful owners thereof such `Suspense Account' debts.
 "3. The Respondent is entitled to have paid over to him as Commissioner of Revenue all `Suspense Account' debts of the Complainants which are owed for oil which was delivered to the Complainants after April 27, 1965, and more than 7 years prior to the date of this decree.
 "4. Complainants are hereby ordered to permit the agents of the Department of Revenue to conduct an audit of their books and records for the purpose of determining which `Suspense Account' debts are subject to the Uniform Disposition of Unclaimed Property Law.
 "5. The Respondent, Charles A. Boswell, his agents, servants or employees are hereby restrained and enjoined from attempting to collect those unclaimed `Suspense Account' debts which were to be paid or distributed prior to April 27, 1965.
 "6. The Complainants are permitted to continue to attempt to establish the title to `Suspense Account' debts until this decree becomes final and the Respondent should not attempt to have the Complainants pay over to the Respondent any such debts which the Complainants pay, before this decree becomes final, to persons who are established to be the rightful owners of such `Suspense Account' debts."
Following the trial court's decree, appellants filed notice of appeal and the Commissioner cross-appealed. We affirm on both the appeal and cross-appeal.
On appeal, appellants cite some nine issues to be considered by this Court. It is appellants' position that Act No. 63 does not apply to funds in the possession of a Gathering System and therefore the Act is not applicable to a debt situation between a holder of funds and their customers. In effect, appellants maintain that the funds held by them merely represent a debt which is owed by them to the rightful owners of the mineral interest and that this debt does not become payable until title has been established to the oil in question. On the other hand, the Commissioner's position is that the issues raised by appellants have been previously considered by this Court inBoswell v. Citronelle-Mobile Gathering, supra.
The Commissioner relies on Tit. 47, § 322, Code (Act No. 63, § 9) as authority for applying the Disposition of Unclaimed Property Act to the monies held by appellants for payment to the unknown owners of their proportional interests. This section reads:
 "All tangible and intangible personal property, not otherwise covered by this Act, including but not limited to and by way of illustration, money, stocks, bonds, certificates of membership in corporations, income, amounts due and payable under the terms of insurance policies not covered by Section 3 hereof, pension trust agreements, profit-sharing plans, security deposits, refunds, funds deposited to redeem stocks, bonds, coupons and other securities, or to make a distribution thereof, together with any income, interest or increment thereon and deducting any lawful charges, that is held or owing in this state in the ordinary course of the holder's business and has remained unclaimed by the owner for more than seven years after it became payable or distributable *Page 936 
is presumed abandoned; provided, however, that unclaimed or unpaid wages and salaries which have remained unclaimed by the owner for more than one year after becoming payable are presumed abandoned."
As stated previously, this Court, in Boswell v.Citronelle-Mobile Gathering, Inc., considered the above-quoted section along with other pertinent sections of Act No. 63 and concluded that the funds in the hands of appellants for seven years or longer and which are payable or distributable to unknown owners are, as a matter of law, subject to the provisions of Act No. 63. Having reconsidered the matter, we reaffirm our earlier decision. Accordingly, we sustain the trial court's order of December 12, 1975, by holding that the Uniform Disposition of Unclaimed Property Act applies to the suspense funds held by appellants which belong to unknown, unidentified or lost persons or persons whose claims cannot be established at this time.
Without question, the funds now held by appellants are not payable or distributable until title to the oil is established by the furnishing of an attorney's title opinion or indemnity agreement. The record reflects that the monies are not held in a special bank account but are kept in "suspense accounts." The testimony and exhibits show that there are five categories of funds in dispute. A suspense summary introduced by appellants separates the five categories as follows:
"1. Paid to owners.
 "2. Actively claimed by parties whose interests require title work, with whom Citronelle-Mobile Gathering, Inc., has had correspondence.
 "3. Claimants who have acknowledged certified mail sent them whereby they were advised by Citronelle-Mobile Gathering, Inc., to have their own counsel furnish title information necessary to perfect their claim or request Citronelle-Mobile Gathering, Inc., to have the title work done, at the claimant's expense, or require the claimant to give Citronelle-Mobile Gathering, Inc., an indemnity agreement.
 "4. Known claimants or owners whom we have been unable to locate.
 "5. Interests in tracts as to which title work has not progressed to the point of identifying the owners or claimants. Title work is continuing."
Appellants concede that an "unknown owner" is an owner listed in category five, however, appellants maintain that persons listed in categories one, two, three and four are not unknown owners since appellants know their identities. We cannot agree. Of the funds involved in this controversy, the evidence is undisputed that where there is active pursuit by claimants of funds in suspense, such as where there is litigation with respect to such funds, as in a suit to quiet title, those funds have been omitted from the audit and the Commissioner makes no claim to those funds in suspense. However, where there is no active pursuit in cases of disputed title, or uncertain title, or where the owner is unknown, cannot be found or has given an incorrect address, we believe that these categories of suspense funds are subject to the provisions of Act No. 63.
According to the Commissioner, the trial court erred in holding that the unclaimed suspense account debts which were to be paid or distributed prior to April 27, 1965, are not subject to Act No. 63. We disagree with the Commissioner. In Boswell v.South Central Bell Tel. Co., 293 Ala. 189, 301 So.2d 65 (1974), we considered the question of whether Act No. 63, § 16, is to be applied retroactively. Section 16 reads as follows:
 "The expiration of any period of time specified by statute or court order, during which an action or proceeding may be commenced or enforced to obtain payment of a claim for money or recovery of property, shall not prevent the money or property from being presumed abandoned property, nor affect any duty to file a report required by this Act or to pay or deliver abandoned property to the Commissioner of Revenue." *Page 937 
In South Central Bell, supra, the telephone company sought a declaratory judgment against the Commissioner of Revenue over three categories of funds claimed by the Commissioner. Category I concerned funds and property payable, returnable or demandable by another prior to 1965. If Act No. 63 is not retroactive, these claims were barred by Tit. 7, § 21, Code.[1]
This Court, in considering whether Act No. 63 is prospective or retroactive chose to follow the decision of Douglas AircraftCo. v. Cranston, 58 Cal.2d 462, 24 Cal.Rptr. 851, 374 P.2d 819
(1962). In Douglas Aircraft Co., the California Supreme Court expressly held a provision, almost identical to Section 16 of our Act, not applicable to claims barred by the statute of limitations prior to the effective date of the Act. This decision was followed in Country Mutual Insurance Co. v.Knight, 40 Ill.2d 423, 240 N.E.2d 612 (1968).
The Commissioner cites no case from any state which has held this section of the Uniform Disposition of Unclaimed Property Act to be retroactive. Furthermore, the Commissioner contends that the South Central Bell case is distinguishable from the instant case in that the appellants do not have a direct relationship to unknown owners whereas in South Central Bell, the telephone company had a contractual relationship with its subscribers. Whatever relationship South Central Bell had with its rate payers, that case stands for the proposition that the statute of limitations barred the recovery of any funds acquired prior to 1965. We hold that Act No. 63 is prospective and not retroactive. Moreover, we do not agree with the Commissioner's position that this record shows that the appellants hold the money as a fiduciary for the owner, and so long as this trust relationship is recognized, the statute of limitations cannot run.
We are of the opinion that the trial court correctly ruled that the unclaimed suspense account debts which were owed for oil which was delivered by complainants and for which payment would have been made prior to April 27, 1965, are not subject to the provisions of Act No. 63. Section 16 contains no provision retroactively removing the bar of the statute if it had run before the effective date of the Act. Here the effective date of the Act was April 27, 1971. Therefore, claims for funds acquired prior to April 27, 1965, in absence of a showing that the statute is tolled (not shown by this record), are barred by the statute of limitations because they were demandable six years prior to the passage of Act No. 63.
AFFIRMED.
TORBERT, C.J., and FAULKNER, SHORES and BEATTY, JJ., concur.
[1] "Limitation of six years. — The following must be commenced within six years:
Actions for any trespass to person or liberty, such as false imprisonment, or assault and battery.
Actions for any trespass to real or personal property.
Actions for the detention or conversion of personal property.
Actions founded on promises in writing not under seal.
Actions for the recovery of money upon a loan, upon a stated or liquidated account, or for arrears of rent due upon a parol demise.
Actions for the use and occupation of land.
Motions and other actions against the sureties of any sheriff, coroner, constable, or any public officer, or actions against the sureties of executors, administrators, or guardians, for any nonfeasance, misfeasance, or malfeasance, whatsoever, of their principal, the time to be computed from the act done or omitted by their principal, which fixes the liability of the surety.
Motions and other actions against attorneys at law, for failure to pay over money of their clients, or for neglect or omission of duty.
Actions founded upon judgments obtained before justices of the peace of this state.
Actions upon any simple contract or specialty, not herein specifically enumerated." *Page 938