This appeal by the Employees' Retirement System of Alabama, the members of its Board of Control, and its Board of Control, is from a judgment of the Circuit Court of Montgomery County holding that an optional retirement allowance elected by a member of the System was not abrogated by the death of the member prior to the effective date of his retirement.
We hold that the elected option was abrogated and therefore reverse.
Walter C. Head, Jr., an employee of the State of Alabama became eligible to retire and to this end, on 15 June 1976, applied for retirement effective 1 August 1976. On 30 June 1976 he elected to receive his retirement allowance under Code 1975, § 36-27-16 (d)(2):
 "(d) Optional allowances. — With the provision that the election of an option shall be effective on the effective date of retirement, any member may elect prior to retirement to receive, in lieu of his retirement allowance payable throughout life, the actuarial equivalent, at that time, of his retirement allowance in a reduced retirement allowance payable throughout life with the provisions that:
* * * * * *
 "(2) Option 2. — Upon his death, his reduced retirement allowance shall be continued throughout the life of and paid to such person as he shall nominate by written designation duly acknowledged and filed with the board of control at the time of his retirement;" *Page 1228 
He nominated his wife, Lottie M. Head, as the recipient of the reduced allowance provided by (d)(2), Option 2 above.
On 19 July 1976, thirteen days before his effective date of retirement, Head died. Section 36-27-16 (c)(2) of the Code of 1975 provides:
 "(2) In the case of the death of a member eligible for service retirement pursuant to subsection (a) of this section, an allowance shall be paid to the surviving spouse in an amount that would have been payable if the member had retired immediately prior to his death and had elected option 3, as set forth in subsection (d) of this section;"
On the basis of this section, the system initiated payment to Mrs. Head under the provisions of Code 1975, § 36-27-16 (d)(3), Option 3 which provides:
 "(3) Option 3. — Upon his death, one half of his reduced allowance shall be continued throughout the life of and paid to such person as he shall nominate by written designation duly acknowledged and filed with the board of control at the time of his retirement * * *"
The sum payable to her under the latter provision is substantially less than that payable under (d)(2) Option 2. She demanded payment under Option 2. The System refused her demand. She filed this action, which was tried to the court without a jury, resulting in judgment reading in part as follows:
 "How harsh would be such a law if an employee did all that he could toward applying for an option such as option 2, when he had met all other requirements and but for the providence of God he was taken from this life [13] days prior to satisfying a technical interpretation of the law. It is the opinion of this Court that Sec. 36.27.16 (d) should be considered most favorably to the complainant and it is the opinion of this Court that the deceased, Walter C. Head, Jr., did everything necessary to comply with the law to receive option 2 and, therefore, his widow, Lottie M. Head, is entitled to option 2, and it is
 "ORDERED that the defendant Employees' Retirement System of Alabama, et al. pay to Lottie M. Head under option 2 all moneys she would be entitled to in the past and future under the benefits earned by her deceased husband, Walter C. Head, Jr."
The issue is whether the trial court erred to reversal in holding that Lottie M. Head is entitled to benefits under Option 2 of § 36-27-16 (d).
The decision in this case turns on the correct interpretation of § 36-27-16 (d). When this court is called upon to interpret a statute, the underlying consideration, always, is to ascertain and effectuate the intent of the legislature as expressed in the statute. Bagley v. City of Mobile,352 So.2d 1115 (Ala. 1977); Tillman v. Sibble, 341 So.2d 686 (Ala. 1977). When the language of a statute is clear and unambiguous, there is no room for construction and a clearly expressed intent must be given effect. Boswell v. South Central Bell Telephone Co.,293 Ala. 189, 301 So.2d 65 (1974); Alabama Industrial Bank v.State ex rel. Avinger, 286 Ala. 59, 237 So.2d 108 (1970). In arriving at a determination of the intent of the legislature, the whole statute under construction should be examined and, if possible, each section should be given effect. Tillman v.Sibble, supra; State ex rel. Moore v. Strickland, 289 Ala. 488,268 So.2d 766 (1972); City of Birmingham v. Hendrix, 257 Ala. 300, 58 So.2d 626 (1952).
There is no lack of clarity and no ambiguity in the language of § 36-27-16 (d). It clearly states that the election of an option shall be effective on the effective date of retirement. The language is both mandatory and unequivocal. Section 36-27-1
(19) defines retirement as: "[w]ithdrawal from active service with a retirement allowance or optional benefit in lieu thereof granted under the provisions of this article." The stipulated facts in this case clearly show that Head's effective date of retirement was 1 August 1976. Head died on 19 July 1976, before the effective date of his retirement. Therefore, according to the *Page 1229 
clear and unambiguous language of the statute, Head's election of Option 2 benefits was not effective. His death abrogated his election of Option 2 benefits and made applicable § 36-27-16
(c)(2), providing for Option 3 benefits.
At the time of his death, he was actively employed with the State, on its payroll and still making contributions, just as any other active employee member of the Retirement System. He had not "withdrawn from service" nor was he in receipt of "a retirement allowance or optional benefit in lieu thereof." Although eligible for retirement, Head died before his effective date of retirement; therefore, under the clear wording of the Code, Mrs. Head was and is entitled only to Option 3 benefits, dictated in these circumstances by §36-27-16 (c)(2) of the Code. Employee's Retirement System ofAla. v. McKinnon, 349 So.2d 569 (Ala. 1977). To some, our decision in this case may appear harsh. Obviously, it appeared to the trial court that it would be harsh to reach the result that this court has reached in this case. However, it is not this court's function to usurp the role of the legislature and correct defective legislation or amend statutes under the guise of construction. See State v. Praetorians, 226 Ala. 259,146 So. 411 (1933).
For the reasons assigned, the judgment below must be reversed and the case remanded to the trial court for entry by that court of judgment consistent with this opinion.
REVERSED AND REMANDED.
TORBERT, C.J., and BLOODWORTH, FAULKNER and ALMON, JJ., concur.