On May 26, 1978, the M/V ROLLNES, a vessel owned by Jebsen S. (U.K.) Ltd., collided with the Amerada Hess Terminal on the Mobile River, and severed pipelines owned by Amerada Hess and Gulf Oil, thereby causing the discharge of pollutants into state waters. The State sued Jebsen, Amerada Hess and Gulf, and claimed that the discharge constituted a violation of Code 1975, § 22-22-9 (j)(6) [The Alabama Water Improvement Act]. The State demanded that the defendants pay the civil penalty provided by § 22-22-9 (o).
Code 1976, § 22-22-9 (j)(6) provides:
 "Every person who, subsequent to November 21, 1971, wishes to begin discharging any new or increased pollution into any waters of this state shall apply to the commission in writing for a permit and must obtain such permit before discharging such pollution."
Code 1975, § 22-22-9 (o) provides:
 "Any person who violates any provision of this chapter, or any rule or regulation adopted by the commission, or any order which has been issued by the commission as provided for in this section or who discharges sewage, industrial wastes or other wastes into the waters of Alabama without a permit as required by this chapter shall be liable to a penalty of not less than $100.00 nor more than $10,000.00 for said violation, which may be recovered in a civil action in the circuit court. Each and every day during which such violation continues shall constitute a separate violation for purposes of this subsection. It shall be the duty of the commission and the attorney general or any district attorney to commence such actions to recover said penalties. The issuance of an order shall not be a condition precedent to the commencement of any action under this section; however, where an order has been issued, the alleged violator shall be afforded an opportunity to be heard upon said order as provided in this section before any action is commenced under this section."
The trial court granted, without comment, the defendants' motions to dismiss, which contained, among other grounds, a ground that the State's complaint failed to state a valid claim upon which relief can be granted, and that the subject statute requires an intentional discharge for the civil penalty to lie. The State appealed.
The sole issue presented by the State is whether intent todischarge pollution is a necessary element of a claim for civilpenalties under the Act.
The State submits that since the purpose of the Alabama Water Improvement Act is *Page 942 
to protect and maintain the quality of state waters, all types of discharges, intentional and unintentional, must fall within the penalty provision of the Act. The State further contends that "discharge" should be defined as it is in federal statutes as "any spilling, leaking, pumping, pouring, emitting, emptying or dumping." 33 U.S.C.A. § 1321 (a)(2). Under such a construction, any person who discharged without a permit would be liable and there would be no defenses to the action, except a denial that a discharge had occurred.
It is well settled that courts are to look for the legislative intent in the language of a statute; that language may be explained, but it may not be added to or detracted from. See Alabama Industrial Bank v. State, ex rel. Avinger, 286 Ala. 59, 237 So.2d 108 (1970).
"When the language is plain, it should be considered to mean exactly what it says." Id.
To adopt the construction advocated by the State would necessitate a disregard of the plain language of the statute. The statute applies to every person who "wishes to begin discharging." (Emphasis added.) One who wishes to do an act necessarily intends it. The State's complaint, alleging as it does, only that the pollutants were discharged as a result of the collision of the ship with the pipeline, necessarily fails to claim that the parties wished or intended to discharge a pollutant. The most liberal construction of the complaint would show merely that the discharge was the result of an accident.
The damages sought by the State under the Act are penal in nature. It is axiomatic that penal statutes are to be strictly construed in favor of the persons sought to be subjected to their operation. Schenher v. State, 38 Ala. App. 573,90 So.2d 234, cert. denied 265 Ala. 700, 90 So.2d 238 (1956).
The statute [Code 1975, § 22-22-9 (o)], upon which the State seeks recovery, being penal in nature, was clearly enacted to deter intentional and unlawful discharges of pollution into our state waters without a permit. Accidental discharges of pollution are covered by Code 1975, § 22-22-9 (p), which provides for the recovery of damages resulting from a negligent discharge of pollutants.
The trial court properly dismissed the State's complaint for failure to state a claim.
AFFIRMED.
TORBERT, C.J., and JONES, SHORES and BEATTY, JJ., concur.