BRADLEY, Judge.
Mr. Frederick Dudley is a tenured teacher. He has been in the Bessemer city school system for about twenty years. His most recent teaching assignment was in physical education at Abrams High School.
On May 19,1981 Mr. Dudley was notified by the board of education that he was being transferred to a social studies teaching position at Abrams High beginning with the 1981-1982 school year. Mr. Dudley requested a hearing and one was held. The board voted to transfer.
Mr. Dudley appealed this decision to the state tenure commission. On August 6, 1981 the tenure commission affirmed the decision of the board of education.
On August 17, 1981 Mr. Dudley filed a petition for the writ of mandamus in the Circuit Court of Jefferson County, Bessemer Division, to review the action of the commission.
After a hearing the circuit court set aside the decision of the tenure commission on the ground that the commission was not properly constituted and remanded the matter for a hearing by a properly constituted commission. The circuit court found that Dr. Edward Richardson was appointed to the commission in the fall of 1979 while serving as principal of Andalusia High School; that Dr. Richardson took a job as a professor at Auburn University at Montgomery on June 30, 1980; that the State Superintendent of Education was notified of the change in Dr. Richardson’s teaching position; that Dr. Richardson continued to serve on the tenure commission until November 1981; and that Dr. Richardson participated in the hearing and decision on the appeal of Frederick Dudley. The tenure commission appeals to this court.
The commission’s first contention is that the circuit court exceeded its authority or jurisdiction in considering and deciding that the tenure commission was improperly constituted and, therefore, unable to decide Dudley’s appeal. The commission argues that the circuit court’s power to review the transfer of a tenured teacher is limited by section 16-24-38, Code 1975, to whether there has been a compliance with the provisions of chapter 24 of section 16, Code 1975, and whether the transfer is unjust.
Section 16-24-38, Code 1975, does provide, in part, as follows:
“Whether such action complies with the provisions of this chapter and whether such action is unjust may be reviewed by petition for mandamus filed in the circuit court of the county where said school system is located.”
Section 16-24-31, Code 1975, which is a part of chapter 24 referred to in section 16-24-38, provides for the appointment of the members of the tenure commission. Therefore, a consideration of the makeup of the commission as provided by section 16-24-31 would be within the authority granted by section 16-24-38 to the circuit court. In other words, the circuit court’s review power includes the authority to determine if the tenure commission has complied with all the provisions of chapter 24. Accordingly, we hold that the circuit court had the authority to determine whether the tenure commission was properly constituted as provided by section 16-24-31, Code 1975.
The next issue is whether the circuit court erred in concluding that the tenure commission was improperly constituted.
Section 16-24-31, Code 1975, provides, in part, as follows:
“[A]nd one member, who shall be currently employed as a certified principal or certified supervisor, shall be appointed *378 by the state superintendent of education for a term of one year. During the 30 days immediately preceding the expiration of the respective terms of the members of the state tenure commission, each appointing authority designated herein shall appoint a successor member of the commission as provided herein for a term of seven years. Any provision to the contrary notwithstanding, however, each member of the commission shall serve until his successor is appointed. Any vacancy occurring on the commission shall be filled by appointment for the unexpired term in the same manner as the original appointment was made.”
As noted, one of the members of the commission must be currently employed as a principal or supervisor. The circuit court found that Dr. Richardson was not a principal at the time the commission decided Dudley’s appeal and, therefore, he improperly participated in its decision. Since Dr. Richardson was not a valid member of the commission, Mr. Dudley contends that the commission was improperly constituted and the commission thereby exceeded its authority. We disagree.
After providing for the appointment of the members of the commission, section 16-24-31 also provides: “Any provision to the contrary notwithstanding, however, each member of the commission shall serve until his successor is appointed.”
We conclude that this provision in section 16-24-31 allows members of the commission whose terms have ended for whatever reason to remain as valid members of the commission until their successors are duly appointed. We find this to be the plain meaning of this section of the statute.
It is the accepted rule in Alabama that when the language of a statute is clear and unambiguous there is no room for judicial construction. Employees’ Retirement System v. Head, 369 So.2d 1227 (Ala.1979).
Although Dr. Richardson’s status had changed at the time he participated in the hearing of Dudley’s appeal, he was nevertheless a full-fledged member of the commission with the right to participate in its proceedings because his successor had not been appointed. We conclude, therefore, that the circuit court erred in setting aside the tenure commission’s decision on the ground that it was not properly constituted. The judgment of the circuit court is reversed and the cause remanded for the circuit court to consider whether the other procedural provisions of chapter 24 have been complied with and whether the decision of the tenure commission is unjust. § 16-24-38, Code 1975; Alabama State Tenure Commission v. Mountain Brook Board of Education, 343 So.2d 522 (Ala. 1976).
REVERSED AND REMANDED WITH INSTRUCTIONS.
WRIGHT, P.J., and HOLMES, J., concur.