THIGPEN, Judge,
concurring specially.
The dissent urges this court to adopt a definition of “succeeding year” as used in Ala.Code 1975, § 16-24-5, to mean “scholastic year” as defined in Ala.Code 1975, § 16-1-1(4), for purposes of giving notices of transfers to teachers. That section defines the “scholastic year” as one which begins on the first day of July and ends with the thirtieth day of June of each year.
I hasten to point out that most classroom teachers are hired on a nine-month contract basis and are generally hired for a “school year.” While there is no statutory definition of the term “school year,” Ala.Code 1975, § 16-8-30, specifies that the county boards of education “shall fix a uniform date each year for the opening of all schools in the county under its jurisdiction.”
A brief perusal of Title 16 reflects that the term “scholastic year” is used primarily to establish uniform reporting and financial guidelines for all school systems. For example, Ala.Code 1975, § 16-13-3, provides:
“Expenditures for teachers’ salaries for services rendered and for transportation for the scholastic year July 1 to June 30, inclusive, for any year and expenditures for fuel and school supplies to be consumed in the scholastic year July 1 to June 30, inclusive, for any year shall be paid from receipts for that fiscal year, October 1 to September 30, inclusive.”
Further, Ala.Code 1975, § 16-13-52(c), provides:
*466 “In the event of natural disaster, epidemic or other occurrence that may cause pupil average daily attendance during the first four scholastic months of the school year to be abnormal and below usual and customary levels, the affected school board may petition the state superintendent of education to seek his approval of the use of an alternate four month reporting period during the same scholastic year.”
More recently, the legislature enacted Ala. Code 1975, § 16-3-18.5, compelling the state board of education to require that “school terms in the public schools of this state are not less than 176 actual teaching days for the 1992-93 scholastic year.”
Thus it would appear that the “school year” is established by the various boards of education throughout the state when they designate the day for the opening of school in accordance with Ala.Code 1975, § 16-8-30.
It is apparent that the legislature had a specialized use for the term “scholastic year,” and it was not meant to be used for the term “succeeding school year” or “succeeding year” as used in Chapter 24 of Title 16. I am mindful of and sympathize with the necessity of notifying teachers of anticipated transfers within sufficient time for them to make necessary arrangements for other or different employment; however, in view of the fact that various school systems begin and end their school terms at different times, it is not practicable to require school systems to notify all teachers of possible transfers prior to July 1 of each year. In some instances that could be less than thirty days from the end of the prior school year. Unfortunately, without legislation establishing statewide uniformity defining a school year for purposes of teacher transfers, this court cannot graft upon a statute a meaning which the legislature did not intend. See Reed v. City of Montgomery, 341 So.2d 926 (Ala.1976). See also Alabama Industrial Bank v. State of Alabama ex rel. Avinger, 286 Ala. 59, 237 So.2d 108 (1970). Our opinion in Avery, supra, and the lead opinion in the case at bar, attempt to balance the equities between the rights of the affected teacher and the rights of school boards to allocate their teacher resources in accordance with the law.