CRAWLEY, Judge.
Robert W. Grantham and Polly M. Grant-ham (the “debtors”) applied to First Union Home Equity Bank (the “creditor”) in 1988 for a loan, which was to be secured by their residence. The creditor appraised the residence and at closing collected an appraisal fee of $150. This fee was disclosed in the Truth-in-Lending statement as part of the finance charge and was retained by the creditor because the appraisal was done by its employee. The debtors sued the creditor, claiming that the creditor had violated. § 5-19 — 4(f), Ala.Code 1975, by collecting and retaining an appraisal fee in connection with a loan secured by real estate. The trial court granted the creditor’s motion for summary judgment, and the debtors appeal.[1]
The debtors contend that, in a consumer transaction involving a real estate mortgage, the Alabama Mini-Code, § 5-19-1 et seq., Ala.Code 1975, prohibits a creditor from charging and retaining an in-house appraisal fee, even if it is disclosed. We disagree.
Section 5-19-1(1) defines “finance charge” broadly to “include all charges payable ... by the debtor and imposed directly or indirectly by the creditor as an incident to the extension of credit, including [certain named charges] or other charge however denominated.” (Emphasis added.) See Smith v. First Family Financial Services, Inc., 626 So.2d 1266 (Ala.1993). This section excludes from the definition of finance charge “the fees and charges set forth in subsection (f) of section 5-19-4” in transactions “secured by real property.” Section 5-19-4® states:
“[A] creditor may charge and collect in a transaction secured by real property the following fees and charges if bona fide and reasonable in amount, provided stick fees are paid to parties unrelated to the creditor:
“(1) Fees for title examination, abstract of title, title insurance, property survey, and similar purposes;
“(2) Fees for preparing deeds, mortgages, and reconveyance, settlement, and similar documents;
“(3) Notary, appraisal, and credit report fees; and
“(4) Fees and charges prescribed by law which are or will be paid to public officials or agencies for recording or releasing a lien on property which secured the loan.... ”
(Emphasis added.)
The intent of § 5-19-4® is to allow the specified charges, paid to a party unrelated to the creditor, to be excluded from the finance charge. By clearly separating the costs of a loan transaction between those costs that were paid directly or indirectly to the creditor from those costs paid to unrelated parties, the consumer obtains a more accurate disclosure of the true-finance charge. “The [Alabama] Mini-Code is not merely a rate-regulating statute. It, like most consumer legislation, largely, permits market *750 forces to operate with regard to rates, but requires full disclosure to the consumer of the total cost of the loan.” Smith, 626 So.2d at 1271.
“The general rule is that where the language of a statute is unambiguous, the clearly expressed intent must be given effect, and there is no room for construction.” Alabama Industrial Bank v. State ex rel. Avinger, 286 Ala. 59, 62, 237 So.2d 108, 111 (1970). Construing § 5-19-1(1) and § 5-19-4(f) together, we see no ambiguity. Section 5-19-1(1) contains no language prohibiting the charge for an appraisal. We have found no such prohibition in the other sections of the Mini-Code. Section 5 — 19—4(f) merely alloivs an appraisal fee to be excluded from the “finance charge” if (1) the loan is secured by real estate and (2) the fee is paid to an unrelated party. If the appraisal fee is not within the exclusion of § 5494(f), then the lender must include the fee in the finance charge.
The trial court properly entered the summary judgment for the creditor.
AFFIRMED.
THIGPEN and YATES, JJ., concur.
ROBERTSON, P.J, and MONROE, J., concur in the result.

. A motion for summary judgment is to be granted when no genuine issue of material fact exists and the moving party is entitled to a judgment as a matter of law. Rule 56(c)(3), Ala. R. Civ. P. Sec West v. Founders Life Assurance Co. of Florida, 547 So.2d 870 (Ala.1989), and Bass v. South-Trust Bank of Baldwin County, 538 So.2d 794 (Ala.1989), for a discussion of the application of this rule.